| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, NJ 07662<br>(201) 845-1000<br>Attorneys for Ramada Worldwide, Inc. | |
| In Re:<br><br>MANTIFF CHEYENNE HOSPITALITY, LLC<br><br>Debtor. | Chapter 11<br><br>Case No: 09-12621(NLW)<br><br>Judge: Hon. Novalyn L. Winfield<br><br>Hearing Date: July 21, 2009<br>Hearing Time: 2:00 p.m. |

**LIMITED OBJECTION TO FIRST APPLICATION**
**FOR COMPENSATION OF GOLDSTAR FINANCIAL SERVICES**

COMES NOW Ramada Worldwide, Inc., ("RWI"), and files this Limited Objection to the First Application for Compensation of Goldstar Financial Services (the "Application") and would show the Court as follows:

1. RWI, an administrative claimant that is owed in excess of $62,506.38 by the Debtor for post-petition royalty fees pursuant to a License Agreement between the Debtor and RWI[1], objects to any payment being made to Goldstar Financial Services ("Goldstar") while the Debtor is administratively insolvent, and further objects to any payment to Goldstar unless and until RWI is paid its administrative claim pro rata.

2. The facts regarding the License Agreement and the Debtor's default of its post-petition payment obligations are more particularly set forth in RWI's Motion For Relief From Automatic Stay filed in this case (Docket No. 90). RWI operates a guest-lodging facility franchise system. The

---

[1] Support for all of the factual recitations set forth herein contained in the Certification of Valerie Capers Workman (the "Capers Workman Certification") which has been submitted in connection with RWI's Motion For Relief From Automatic Stay filed herein on July 1, 2009 (Docket No. 90).

system, broadly stated, is comprised of various trade names and service marks (which are on the principal register of the United States Patent and Trademark Office), logos and derivations thereof (collectively, the "Ramada Inns Marks"). The system generally consists of certain standards, advertising, and centralized support functions, including a nationwide computer reservation system.

3. The hotels operating as part of the franchise system are all independently owned and operated. RWI allows its licensees, pursuant to individual license agreements, to operate their hotels as guest-lodging facilities utilizing the Ramada Inns Marks.

4. RWI has the exclusive right to sublicense the use of the Ramada Inns Marks, as well as its distinctive franchise system. RWI or its predecessors have continuously used each of the Ramada Inns Marks since the date of their registration and these marks are in full force and effect pursuant to 15 U.S.C. §1065. RWI has given notice to the public of the registration of the Ramada Inns Marks as provided in 15 U.S.C. §1111.

5. RWI has invested substantial effort and capital over a long period of time to cause consumers throughout the United States to recognize the Ramada Inns Marks as distinctly designating its franchisee's guest-lodging services as being affiliated with RWI.

6. RWI and the Debtor entered into a License Agreement dated December 12, 2007 pursuant to which the Debtor was authorized to operate the Facility as a "Ramada Inn". A copy of the License Agreement is attached to the Capers Workman Certification as Exhibit "A".

7. The License Agreement requires the Debtor to operate the Facility as a "Ramada Inn" for a term of 15 years. *See* Exhibit "A" at Section 5.

8. The License Agreement requires the Debtor to pay RWI "Recurring Fees", including royalties, basic reservation charges, taxes and interest. *Id*. at Section 7. The Debtor is obligated to pay the Recurring Fees within fifteen days after the month in which they accrue, without billing or demand.

*Id*. Nonpayment by the Debtor is an event of default under the License Agreement. *Id*. at Section 11.1.

9. The Debtor is delinquent in the payment of post-petition Recurring Fees to RWI. As of June 23, 2009, the Debtor owed RWI $62,506.38 in post-petition Recurring Fees. An itemized statement reflecting the Post-Petition Indebtedness is attached to the Capers Workman Certification as Exhibit "C".

10. RWI has previously reminded the Debtor of its obligations to stay current on its post-petition obligations under the License Agreement but to no avail. *See* correspondence dated February 19, 2009 attached to Capers Workman Certification as Exhibit "D".

11. The Debtor has made no provision for payment of its post-petition fee obligations to RWI. RWI is entitled to be treated pari passu with other administrative claimants. The Debtor should not be permitted to pay any claims of Goldstar while other administrative claimants remain unpaid.

12. The Debtor should be similarly precluded from paying fees and expenses to Goldstar based upon Monthly Fee Statements filed pursuant to the Administrative Order Establishing Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court entered herein on February 9, 2009 (the "Administrative Order"). Given the Debtor's apparent administrative insolvency, the procedures for automatic monthly payments to professionals pursuant to the Administrative Order are inappropriate at this juncture.[2]

WHEREFORE, RWI respectfully requests that: (1) the Application be denied without prejudice; (2) to the extent that any award to the Applicant is approved, the Debtor be barred from making any payment unless and until pro rata payment is made to RWI; (3) the Debtor be barred from making future payments to the Applicant based upon Monthly Fee Statements without further order of

---

[2] RWI reserves the right to request disgorgement, at a later date, of any fees paid pursuant to the Administrative Order while the Debtor was administratively insolvent.

Court; and (4) the Court award all further relief deemed fair and equitable.

>Respectfully submitted,
>
>FORMAN HOLT ELIADES & RAVIN LLC
>80 Route 4 East, Suite 290
>Paramus, New Jersey 07562
>(201) 845-1000
>Attorneys for Ramada Worldwide, Inc
>
> */s/ Daniel M. Eliades*
>Daniel M. Eliades

M:\WYNDHAM\MANTIFF-CHEYENNE\PLEADINGS\Limited.Objection.DOC