# SCURA, MEALEY, WIGFIELD & HEYER, LLP

ATTORNEYS AT LAW
1599 Hamburg Turnpike
P.O. Box 2031
Wayne, New Jersey 07470
Tel: (973) 696-8391    Fax: (973) 696-8571
WWW.SCURAMEALEY.COM

| | | |
|---|---|---|
| JOHN J. SCURA II ○* | Hoboken Office: | *Board Certified-Business Bankruptcy Law |
| JOHN J. SCURA III ● | 79 Hudson Street-Suite 500 | American Board of Certification |
| DAVID C. WIGFIELD | Hoboken, NJ 07030 | ●Also admitted in Pennsylvania |
| CHRISTOPHER HEYER ○ | | ○Also admitted in New York |
| _____ | | (1)Admitted in New York only |
| JOSEPH J. REILLY ○ | | |
| DAVID L. STEVENS ○ | | **Please Reply to Wayne** |
| | | |
| Of Counsel | | |
| RONALD P. MEALEY ○ | | |

July 28, 2009

**VIA E-Mail and ECF**
The Honorable Novalyn L. Winfied
U.S. Bankruptcy Court
District of New Jersey
P.O. Box 1352
Newark, New Jersey 07101-1352

      RE:    Fidelity Bank/Mantiff Cheyenne Hospitality, LLC
             Case No.    09-12621 (NLW)

Dear Judge Winfield:

Please accept this letter brief of behalf of Swede's Roofing Inc. (Swede's) in lieu of a more formal brief in opposition to the Debtor's Motion Seeking Approval of the Debtor's Business And Business Assets Free and Clear of All Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b),(f) and (m) (the "Sale Motion").

Swede's provided services and materials to the debtor and filed a Lien Statement in compliance with the Wyoming perfection statute asserting its unpaid debt. The Debtor has abandoned its arguments raised in its Sale Motion and instead relies on a new argument in which it suggests that 363(f)(3) allows the debtor to sell its assets whereas Swede's lien is subordinate to Fidelity Bank's undersecured mortgage.

This Court asked the parties to focus their argument as to whether the sale of the property free and clear of all liens, claims, and encumbrances meets the requirements of §363(f)(3). This dispute depends upon the meaning of "value" in that section, an issue upon which this other courts have disagreed.

**SCURA, MEALEY, WIGFIELD & HEYER, LLP**
══════════════════════ ATTORNEYS AT LAW ══════════════════════

JULY 29, 2009                                                                                                         PAGE 2

Case law reveals that there are two approaches to take when construing he term "value" as set forth in Â§363(f)(3) of the Bankruptcy Code.  Debtor argues that the value of the lien is determined using the economic value approach.  This approach was rejected by District Judge Cooper in In re WDH Howell, LLC, 298 B.R. 527 (D.N.J. 2003).

In In re WDH Howell, LLC, Judge Cooper reviewed rulings in other courts and disagreed with the reasoning supporting previous decisions for both the economic value approach and the face value approach. Id. at 532.  Instead Judge Cooper conducted his own analysis and looked at the plain language of the statute.  "Where statutory language is plain and unambiguous, further inquiry is not required, except in the extraordinary case where a literal reading of the language produces an absurd result. Id. at 532 (citing Idahoan Fresh v. Advantage Produce Inc., 157 F.3d 197, 202 (3d Cir.1998)).  By interpreting the meaning of the term "value" as used in 363(f), Judge Cooper reasoned that "value" could not be interpreted as meaning economic value:

> The bankruptcy code itself does not provide a definition of value. However, value in § 363(f) cannot mean economic value if it is read in the context of the preceding term "greater than." Economic or "fair market" value is "[t]he amount at which property would change hands between a willing buyer and a willing seller." Black's Law Dictionary 597 (6th ed.1990). Accordingly, "the sale price for overencumbered property can never be greater than the aggregate economic value of the liens on the property."

Id. at 533 (citing In re Canonigo, 276 B.R. 257, 262-63 (N.D.Cal.2002).

In In re WDH Howell, LLC, the court concluded that the property proposed to be sold was overencumbered using either the face value approach or the economic approach.  Judge Cooper found that "in light of the inevitable outcome…Congress must have meant face value when it stated "value" in 363(f)3). Id. at 534.

A debtor ordinarily must obtain confirmation of a plan of reorganization before selling all or substantially all of its assets. See generally 11 U.S.C. §§ 1121-29.  Section 363(f)(3) is an exception to the general rule; therefore Judge Cooper reasoned that a plain reading of the rule was Congress' attempt to prevent the exception from swallowing up the general rule.   In re WDH Howell, LLC, at 534

Even if this Court were to follow other jurisdictions and apply the economic approach, Swedes contends that the debtor has not established a sound business purposes for conducting the sale prior to confirmation.  Judge Cooper explained that even if he were to follow the economic value approach, the sale order would not have been upheld because the debtor failed to establish a sound business purpose. In re WDH Howell, LLC, at  534.  Courts have consistently held that a debtor must establish a sound business purpose for selling property prior to confirmation. See, e.g., Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir.1986); In re Lionel Corp., 722 F.2d 1063, 1068-69 (2d Cir.1983); In re Del. & Hudson Ry. Co., 124 B.R. 169, 175-76 (D.Del.1991); see also In re Solar Mfg. Corp., 176 F.2d 493, 495 (3d Cir.1949) (pre-confirmation sale authorized only upon showing emergency under 1898 Bankruptcy Act).

**SCURA, MEALEY, WIGFIELD & HEYER, LLP**
══════════════════ ATTORNEYS AT LAW ══════════════════

JULY 29, 2009                                                                                                                PAGE 3

Here only Fidelity Bank is benefiting from the proposed sale and no benefit will result for the unsecured creditors. Furthermore, there has been no evidence of an attempted reorganization. The Sale Motion may be in the best interests of Fidelity Bank, but there has not been any showing that it is in the best interest of the estate or based upon a sound business purpose.

The facts of this case are analogous to those in <u>In re WDH Howell, LLC</u>. Judge Cooper's reasoning in supporting a "face value" approach is a better approach and consistent with the statute. Therefore, Swede's requests that this Court apply the plain meaning of 363(f)(3) and hold that the property cannot be sold free and clear of all liens because the aggregate face value of all liens on the property are not less than the sale price.

SCURA, MEALEY, WIGFIELD & HEYER, LLP

By:   /s/ David L. Stevens, Esq.
       David L. Stevens, Esq.