**TRENK, DiPASQUALE, WEBSTER,
  DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Joseph J. DiPasquale (JD3330)
Thomas M. Walsh (TW0645)
Michele M. Dudas (MD5029)
*Counsel to Mantiff Cheyenne Hospitality, LLC,
  Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 09-12621 (NLW) |
| MANTIFF CHEYENNE HOSPITALITY, LLC, | Chapter 11 |
| Debtor. | Honorable Novalyn L. Winfield |

**CERTIFICATE OF NO OBJECTION TO FIFTH MONTHLY FEE STATEMENT OF TRENK, DiPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C., COUNSEL FOR DEBTOR, FOR THE PERIOD JUNE 1, 2009 THROUGH JUNE 30, 2009**

I, **JOSEPH J. DiPASQUALE**, of full age, hereby certify to the Court as follows:

1. I am an attorney-at-law of the State of New Jersey and a member of the firm of Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C. ("Trenk, DiPasquale"), counsel for Debtor.

2. I submit this certification pursuant to the February 9, 2009 Administrative Order Establishing Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court (the "Administrative Order").

3. The Administrative Order provides that each professional retained in this case pursuant to 11 U.S.C. §327, and to the extent applicable, 11 U.S.C. §§ 328(a) and 1103, may file monthly fee statements on or before the twenty-fifth (25th) day of each calendar month for

interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Monthly Fee Statement").

4. Pursuant to the Administrative Order, each "Notice Party" (as that term is defined in the Administrative Order) shall have twenty (20) days after service of a Monthly Fee Statement to object (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certificate of partial objection with the Court, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement; or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection.

5. On July 24, 2009, Trenk, DiPasquale filed its Fifth Monthly Fee Statement for the period June 1, 2009 through June 30, 2009. Pursuant to the Administrative Order, objections to the Fifth Monthly Fee Statement would have been due by August 17, 2009.

6. To the best of my knowledge, information, and belief, no objections have been filed to the Fifth Monthly Fee Statement.

7. Accordingly, the Debtor will be instructed to pay Trenk, DiPasquale eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Fifth Monthly Fee Statement.

        **TRENK, DiPASQUALE, WEBSTER,**
        **DELLA FERA & SODONO, P.C.**

        By: /s/ Joseph J. DiPasquale
            Joseph J. DiPasquale

Dated: August 18, 2009

F:\WPDOCS\A-M\Mantiff Cheyenne\Monthly Fee Invoices\Cert of NO Obj - 5th Stmt - June 2009.doc