**DAVID R. JUDY   3427 SILVERGATE DRIVE   CHEYENNE, WY 82001**

*Telephone 307-221-3373*   email: *djudy@bresnan.net*

U.S. BANKRUPTCY COURT
NEWARK, NJ

09 SEP -1 AM 11:27

JAMES WALDRON
BY: [signature]
DEPUTY CLERK

August 26, 2009

Honorable Novalyn L. Winfield
U.S. Bankruptcy Court, District of New Jersey
50 Walnut Street 3rd Fl
Newark, NJ 07102

Re:   **Case No. 09-12621, Chapter 11 Filing**
      **Mantiff Cheyenne Hospitality, LLC d/b/a Ramada Hitching Post Inn**

Dear Judge Winfield,

Most recently it has come to my attention that Mantiff Hospitality Cheyenne, LLC has sold there property with approval of the court. With that being the case I am concerned about the claim for wages I have against this debtor. I know your time is limited so I will keep my concerns to the point and facts, which are as follows.

On April 15, 2009 I involuntary quite my job as Chief Engineer for Mantiff Cheyenne Hospitality LLC. Although there were several reasons for leaving this employment the main contributing factor was not getting paid my wages. I filed a claim for wages with the State of Wyoming Department of Wage and Hour against Mantiff Cheyenne Hospitality, LLC and after the State of Wyoming reviewed my complaint they basically informed Mantiff Cheyenne Hospitality, LLC that they were in violation of State of Wyoming Statues under title 27 and they needed to pay the amount stated in my claim and also in there Preliminary Finding issued by them. They where given 15 days to comply with this of which they did not. They were given numerous chances to dispute my claim and request a hearing.

After the time expired to object, Mantiff Cheyenne Hospitality, LLC continued to ignore the request to pay the wages and the State of Wyoming issued an Order to Pay and gave them 30 days to object or pay. After this time expired, with no contact of any kind from Mantiff Cheyenne Hospitality, LLC, the claim for wages has been referred to the Attorney for Laramie County, Wyoming, for prosecution.

When I learned of the sale of the property I contacted your court and talked with a clerk and asked if any compensation or relief to pay my claim for wages was addressed of which it appeared it had not been specifically addressed but possible was covered under the $75,000.00 set aside to pay unsecured creditors. The clerk was very helpful but could not provide me with any assurances that I would get paid and informed me that I should take to the debtor's attorney who should have the answer. I contact Ms. Michele Dudas with Trenk – DiPasquale Law Firm, the debtor's attorneys, and asked if my claim was part of the money set aside. It became quite clear that she was unaware of my claim and the notices from the State of Wyoming to pay such. At this time I became very concerned that it appeared her client, Mantiff Cheyenne Hospitality, LLC, chose not to inform her of what the State of Wyoming had ordered them to do. I also informed her that I should have been considered a Creditor Holding Unsecured Priority Claim and been allowed the full rights and privileges allowed under the Bankruptcy Code. At this time during our conversation Ms. Dudas informed me that she was the debtor's attorney and could not advise me.

To date I have not receive any notices of any kind concerning this bankruptcy case to even allow me to fill a claim. It is clear the Mantiff Cheyenne Hospitality, LLC has withheld information from the Bankruptcy Court and possibly its attorneys regarding my claim and the money due me. It is also my understanding after reading the Bankruptcy Code that this may be a violation under such.

Although the amount due me is only $3,469.70 I am hoping that it is part of the money that has been set aside. This may not be much money to some people but it is to me and my wife. Perhaps, as I have been told, that the people who are buying the property is a sister company of

Mantiff Cheyenne Hospitality, LLC will still pay me, but judging by there past actions it appears not.

I ask that after reviewing this letter and the information I have enclosed that you allow me some rights as a creditor and past employee of the debtor and assist me in being compensated for the money due me. I would like to thank you for your time, consideration and hope I have not offended you or the court in any manner.

Most Respectfully,

David R. Judy

Enc.

## BEFORE THE DEPARTMENT OF EMPLOYMENT
## LABOR STANDARDS

| | |
|---|---|
| David Judy ) | |
| ) | |
| v. ) | Claim No. 303 |
| ) | |
| Hitching Post Inn Property ) | |
| Management, LLC ) | |

### ORDER

**WHEREAS,** On May 27, 2009, a Determination was made that the claim for unpaid wages is valid and that Hitching Post Inn Property Management, LLC owes David Judy the sum of $3,469.70.

A copy of the Determination is hereby attached and incorporated into this Order by reference.

**PURSUANT TO WYOMING STATUTE § 27-4-504, IT IS HEREBY ORDERED** that Hitching Post Inn Property Management, LLC shall pay David Judy the sum of $3,469.70, less lawful tax deductions. Hitching Post Inn Property Management, LLC is hereby ordered to remit payment of $3,469.70, less lawful tax deductions, in the name of David Judy to:

> Department of Employment, Labor Standards, 1510 E. Pershing Boulevard, West Wing, Room 150, Cheyenne, Wyoming 82002.

**IT IS FURTHER ORDERED** that Hitching Post Inn Property Management, LLC remit payment on or before thirty (30) days of receipt of this Order. Failure to comply with this Order may result in a civil fine of up to Two Hundred Dollars ($200.00) per day, pursuant to Wyoming Statute § 27-4-504.

This Order constitutes a final decision of the Labor Standards office in this contested matter. Any party aggrieved or adversely affected by this final agency decision may be entitled to judicial review in an appropriate district court pursuant to Wyoming Statute § 16-3-114 and Rule 12, Wyoming Rules of Appellate Procedure.

ORDERED this 1st day of July, 2009.

_____
CHERIE DOAK
Program Manager

## WYOMING DEPARTMENT OF EMPLOYMENT
## LABOR STANDARDS

| | | |
|---|---|---|
| David Judy | ) | |
| | ) | |
| CLAIMANT, | ) | |
| | ) | |
| v. | ) | Claim No. 303 |
| | ) | |
| Mantiff Cheyenne Hospitality, LLC | ) | |
| | ) | |
| EMPLOYER. | ) | |

### PRELIMINARY FINDING

I.  Introduction

On April 16, 2009, David Judy, hereinafter referred to as Claimant, filed a Claim for Wages in the amount of $7,005.70 against Mantiff Hospitality, hereinafter referred to as Employer. The claim seeks to collect $7,005.70 in unpaid wages for work performed between March 14, 2009 and April 15, 2009 and 133 hours of unused vacation at the rate of $22.10 per hour.

Employer admits Claimant is owed for regular wages and unused vacation but did not provide the total amount still owed to Claimant.

II.  Findings

Claimant worked for Employer between December 21, 2006 and April 15, 2009 performing facility maintenance duties. Claimant asserts he is owed wages for 133 hours of unused vacation and 184 hours of work performed between March 14, 2009 and April 15, 2009 at $22.10 per hour based on a 40 hour work week.

After filing his claim, Claimant received two checks from employer totaling $2,933.32 net pay ($1,466.66 x 2) representing 160 hours of pay for periods ending 3/27/09 and 4/10/09. Evidence shows Claimant's gross semimonthly pay was $1,769.60. Claimant further states he has not received pay stubs from Employer showing his payroll deductions since January 2009.

*Preliminary Finding #303*
*Page 2*

Employer admits Claimant is still owed wages but did not provide Claimant's rate of pay or amount of wages still owed.

There is no evidence Claimant has been paid for 133 hours of unused vacation and 24 hours of work performed between April 13, 2009 and April 15, 2009.

III.  Conclusion

Wyoming Statute § 27-4-104 requires that "Whenever an employee quits or is discharged, the employee shall be paid whatever wages are due ... within five (5) working days of the date of termination..."

Employer did not pay Claimant within five (5) working days of his date of termination. Employer is in violation of W.S. § 27-4-104.

Wyoming Statute § 27-4-203 states, in relevant part, that every employer "...shall make and keep for a period of not less than two (2) years... a record of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each such employee, the hours worked each day and each work week by such employee..."

Employer has not demonstrated that its record keeping duty was met in this case. Employer is in violation of W.S. § 27-4-203.

Wyoming Statute § 27-4-507 makes it unlawful "...for [the] employer to pay any employee a lower wage...than that agreed upon."

There is no evidence to show Claimant has been paid the agreed-upon wage for 133 hours of unused vacation and 24 hours of work performed between April 13, 2009 and April 15, 2009. Employer is in violation of W.S. § 27-4-507.

Employer owes Claimant for the remaining balance of wages for 133 hours of unused vacation and 24 hours of work performed at $22.10 per hour less totaling $3,469.70. Based on the above analysis, I hereby find Claimant's Claim for Wages to be invalid in the amount claimed and valid in the amount of $3,469.70.

Employer is ordered to submit a check in the amount of $3,469.70, minus lawful payroll deductions. Said check must be made payable to Claimant and submitted to this office within 15 days of receipt of this Preliminary Finding.

*Preliminary Finding #303*
*Page 3*

      If either party disagrees with this Preliminary Finding, they have the right to request a review. The request must be in writing and received by <u>June 11, 2009</u>. The review will be made by another compliance officer and based upon the information contained in the case file as of the Preliminary Finding date. The reviewing compliance officer can agree with, modify or reverse this Preliminary Finding. If a request for review is not timely received, the Preliminary Finding becomes the final Determination of Labor Standards. If you wish to appeal the Determination and request a fair hearing, you must file a written request for hearing within 15 calendar days of <u>June 11, 2009</u>; on or before <u>June 26, 2009</u>.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Preliminary Finding on Claim No. 303 was served this 27th day of May, 2009 by U.S. regular mail and certified mail, postage prepaid, in envelopes addressed to:

      David Judy
      3427 Silvergate Drive
      Cheyenne, WY 82001

      Mantiff Cheyenne Hospitality, LLC
      dba Hitching Post Inn
      1700 Lincolnway
      Cheyenne, WY 83001

*(signature)*
Tina M. Hodgeman
Compliance Officer

Case 09-12621-NLW    Doc 126    Filed 09/01/09    Entered 09/02/09 17:30:46    Desc Main
Document    Page 7 of 8



**THE STATE OF WYOMING**

DAVE FREUDENTHAL
GOVERNOR

# *LABOR STANDARDS*

*Department of Employment*

1510 E. PERSHING BLVD.
WEST WING, ROOM 150
CHEYENNE, WYOMING 82002

(307) 777-7261
FAX (307) 777-5633

August 14, 2009

David Judy
3427 Silvergate Drive
Cheyenne, WY 82001

Re: Claim No.: 303
    Claimant: David Judy
    Employer: Hitching Post Inn

Dear Mr. Judy:

Your claim has been referred to the county attorney. Our procedures provide that such claims, when referred for prosecution, are closed with this office.

If you have any questions or concerns about your claim, please call our office and we will attempt to find out the current status of your claim. Be aware that it may take some time to get your claim filed in court and to get a court order.

As soon as the county attorney informs us of the outcome on your claim, we will contact you.

Sincerely,

Cherie Doak
Program Manager

CD/mt